**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH SCHICK, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN DAY POWER,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Deborah Schick ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following on information and belief against Green Day Power ("Green Day" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), for unsolicited telemarketing calls made by Defendant and/or Defendant's representatives.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant resides in this District.

**PARTIES**

4. Plaintiff Deborah Schick, at all times relevant, has resided in and has been a citizen of the State of Arizona.

5. Defendant is a California corporation with its principal place of business at 9745 Business Park Dr, Sacramento, CA 95827. Defendant conducts business throughout California.

**FACTUAL BACKGROUND**

6. Plaintiff's residential phone number has been registered on the National Do-Not-Call Registry since April 11, 2004. Plaintiff is the subscriber who registered her residential phone number on the National Do-Not-Call Registry.

7. Defendant is a solar company that generates substantial profits from soliciting consumers through telemarketing.

8. Defendant and/or Defendant's agents placed numerous telemarketing calls to Ms. Schick's residential phone between the period of January 20, 2023, through and including January 27, 2023.

9. On January 20, 2023, Defendant and/or Defendant's agent placed a telemarketing

call to Plaintiff's residential phone from the number 925-735-7289 without her prior consent. The representative Plaintiff spoke with said they were calling on behalf of Green Day Power for the purposes of marketing Defendant's solar equipment and/or services. Plaintiff told the representative that she spoke with that she was not interested and asked to be placed on an internal do-not-call list.

10. On January 25, 2023, Defendant and/or Defendant's agent placed two telemarketing calls to Plaintiff's residential phone from the numbers 92572302323 and 925-706-7839 without her prior consent. The representative Plaintiff spoke with said they were calling on behalf of Green Day Power for the purposes of marketing Defendant's solar equipment and/or services. Plaintiff told the representative that she spoke with that she was not interested and asked to be placed on an internal do-not-call list.

11. On January 25, 2023, Defendant and/or Defendant's agent placed a third telemarketing call to Plaintiff's residential phone from the number 925-450-7914 without her prior consent. The representative Plaintiff spoke with said they were calling on behalf of Green Day Power and asked several screening questions, including the name of Plaintiff's power service provider, the cost of her monthly electric bill, and the type of material on the roof of her home. The purpose of these questions was to market products and services on behalf of Green Day Power.

12. Plaintiff knows that Defendant and/or Defendant's agents made all these calls because each agent she spoke with mentioned they were "with Green Day Power," and on a subsequent call, when Plaintiff did not answer her phone, Defendant left a voicemail through one of its agents identifying as "Jesse with Green Day Power."

13. Prior to the calls at issue in this action, Ms. Schick had not had any contact with Defendant and/or Defendant's agents nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive *any* telephone calls from Defendant and/or Defendant's agents. Moreover, Plaintiff no longer lives in California and Defendant does not service the area in Arizona where she currently resides.

14. Defendant and/or Defendant's agents called Plaintiff repeatedly despite the fact that her number was listed on the National Do Not Call Registry, which suggests that Defendant and/or Defendant's agents do not screen numbers against the national registry before placing calls.

15. Defendant and/or Defendant's agents also called Plaintiff repeatedly despite the fact that she requested several times to be placed on an internal do-not-call list, indicating that Defendant does not maintain such a list.

16. Plaintiff is not alone in receiving these unsolicited telemarketing calls from Defendant. On June 27, 2023, Robokiller, a spam call blocker, identified one of the phone numbers from which Plaintiff received a telemarketing call (925-706-7839) as making a total of 353 spam calls:

**Figure 1**




17. Defendant and/or Defendant's agents knowingly made (and continue to make) unsolicited telemarketing calls to the telephones of Plaintiff and other consumers despite the fact that their numbers were on the National Do-Not-Call Registry.

18. In making these calls, Defendant and/or Defendant's agents not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance to Plaintiff and members of the putative Class.

19. Defendant's agents hold themselves out as representatives for Defendants, and a reasonable third party would view the agent as acting on behalf of Defendants.

## CLASS ALLEGATIONS

20. **Class Definition**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following Class:

> All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or Defendant's agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of this complaint to the date that class notice is disseminated (the "Class Period").

21. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

22. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

23. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant and/or Defendant's agents in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

25. The proposed Class can be identified easily through records maintained by Defendant.

26. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

a. Whether Defendant and/or Defendant's agents were permitted to call class members for telemarketing purposes;

b. Whether Defendant's conduct was knowing and/or willful;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant and/or Defendant's agents should be enjoined from engaging in such conduct in the future.

27. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received unwanted telemarketing calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class and has no interests which are antagonistic to any member of the proposed Class.

28. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

31. Classwide relief is essential to compel Defendant and/or Defendant's agents to comply with the TCPA.

32. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

33. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

34. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

35. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**COUNT I**
**Knowing and/or Willful Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

37. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**COUNT II**
**Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

42. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

44. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

45. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

(a) Injunctive relief prohibiting such violations of the TCPA by Defendant and/or Defendant's agents in the future;

(b) As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(c) As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(d) An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

(e) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class , and appointing the lawyers and law firm representing Plaintiff as counsel for the Class; and

(f) Granting such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 3, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Yeremey Krivoshey*

Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com

*Counsel for Plaintiff*